IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JOHNSON, on behalf
of the United States of America,

    Plaintiff/Relator,

vs.

MARK DOBRONSKI and
SUSAN DOBRONSKI,

    Defendants.

Hon.:
C.A. No.:

**FILED UNDER SEAL**
**JURY TRIAL DEMANDED**

_____/

## QUI TAM COMPLAINT

RELATOR, KEITH JOHNSON, brings this qui tam action in the name of the United States of America, by and through his undersigned attorney, Guy C. Vining, and alleges as follows:

### SUMMARY INTRODUCTION

1.    This action by qui tam Relator, Keith Johnson, on behalf of the United States, against Defendants, Mark Dobronski and Susan Dobronski ("Defendants") to recover penalties and damages arising from false statements Defendants made consisting of material misrepresentations and omissions in their Chapter 11 Bankruptcy Petition and Schedules, in an effort to create a false record or statement to illegally conceal assets, avoid proper collection and decrease their obligations to pay or transmit money owing to the U.S. Government for taxes which were due. Mr. Johnson worked as an employee of an entity owned or controlled by Defendants, Teletech,

Inc., until the summer of 2008 when he resigned. In 2009, Teletech, Inc., a Michigan Corporation, instituted an action in the Wayne County Circuit Court Against Mr. Johnson. That action is still pending as Case No. 09-007-394-CZ, before the Honorable Isidore Torres. In preparing his defense of this action, Mr. Johnson discovered the facts which constitute this cause of action and losses to the United States of America which exceed $500,000.00.

## PARTIES

2. Relator, Keith Johnson, is a citizen of the County of Wayne, State of Michigan.

3. Defendants, Mark Dobronski and Susan Dobronski, are husband and wife, and are citizens of Washtenaw County, Michigan.

4. They also maintain offices for their business, Teletech, Inc., at 37235 Executive Drive, Westland, Michigan 48185.

5. Defendants may be served with process of this Court at 37235 Executive Drive, Westland, Michigan 48185 or 2634 Island Hills Drive, Dexter, Michigan 48130.

## JURISDICTION & VENUE

6. This action arises under the False Claims Act, 31 U.S.C. §§3729, et seq.

7. This Court maintains subject matter jurisdiction over this action pursuant to 31 U.S.C. §3732(a) (False Claim) and 28 U.S.C. §1331 (Federal Question).

8. Venue is proper in this Court pursuant to 31 U.S.C. §3732(a) because: (i) Defendants reside in this district; (ii) transact business in this district and did so at all times relevant to this complaint; and, as averred below, (iii) committed acts proscribed by 28 U.S.C. §3729 – acts giving rise to this action - - within this district.

9. Before filing this complaint, Mr. Johnson served a copy of same upon the United States, together with a written disclosure statement setting forth and enclosing all material evidence and information he possesses, pursuant to the requirements of 31 U.S.C. §3730(b)(2).

10. Mr. Johnson has complied with all other conditions precedent to bringing this action.

11. Mr. Johnson is the original source of, and has direct and independent knowledge of, all publicly disclosed information on which any allegations herein might be deemed based, and has voluntarily provided such information to the Government before filing this action. Specific disclosures include **Exhibits A-E**, which are attached.

## FACTUAL ALLEGATIONS

12. That on October 13, 2005, Defendants filed in the U.S. Bankruptcy Court, Eastern District of Michigan, a voluntary Petition for Relief as a small business seeking relief under Chapter 11. See: **Exhibit A**.

13. That the case was assigned to the Honorable Thomas J. Tucker and assigned Case No.: 05-81550-tjt.

14. That the Defendants were and remained throughout the bankruptcy proceedings debtors-in-possession.

15. That no independent trustee or examiner was appointed in the Defendants' bankruptcy case.

16. That as debtors-in-possession, the Defendants were officers of the Court in the bankruptcy case.

17. That as debtors-in-possession, the Defendants owed multiple fiduciary duties to the

creditors and the bankruptcy court.

18. That Defendants represented in their Petition that they resided at 251 South Village Way, Canton, Michigan 48188.

19. That the representation as to Defendants' residence was materially false, as they actually resided at 2634 Island Hills Drive, Dexter, Michigan 48130.

20. That in Schedule A of Defendants' Petition they represented that their only interest in real estate was the property commonly known as 251 South Village Way, Canton, Michigan 48188. See: **Exhibit A**, Schedule A.

21. That the representation in Schedule A was materially false as the Defendants had legal interests by rights and powers solely exercisable by them in the real estate commonly known as 2634 Island Hills Drive, Dexter, Michigan 48130.

22. That in Schedule B of Defendants' Petition they represented that they owned a 100% interest in a partnership known as Preston Hills Entities, LLC ("PHE").

23. That in Schedule B of Defendants' Petition they represented that PHE had no value whatsoever.

24. That this representation contained in Schedule B was materially false when made because on July 16, 2004, PHE took title to 2634 Island Hills Drive, Dexter, Michigan 48130 by warranty deed in consideration for payment of $463,000.00. See: **Exhibit B.**

25. That on the date of Defendants' Petition the real estate located at 2634 Island Hills Drive, Dexter, Michigan 48120 was unencumbered.

26. That upon information and belief, the value of 2634 Island Hills Drive, Dexter, Michigan 48130 exceeded $500,000.00 on the Petition date.

27. That in Schedule B of Defendants' Petition it was also represented that they only had household goods worth $1,500.00.

28. That upon information and belief the representation as to the value of the household goods was materially false when made.

29. That in Schedule B of Defendants' Petition it was also represented that the value of other entities owned by them including, Teletech, Inc., Priceless Collectibles, LLC, Seafarer, LLC, Prime Factor Investment, LLC and Sierra Ridge Equities, LLC had a value of $1.00.

30. That upon information and belief, the representations as to the value of the entities described in ¶29 was materially false when made. Specifically, Defendant, Mark Dobronski had for many years been an avid collector of railroad memorabilia including antique railroad diner cars, cabooses, crossing guards and other items worth, on information and belief, well into the mid-six figure range.

31. That in Schedule B of Defendants' Petition, the Defendants omitted disclosure of another entity owned by them, Railtech, LLC, a Michigan limited liability company.

32. That upon information and belief, on October 13, 2005, Railtech, LLC was operated a division of Teletech, Inc. and was very profitable.

33. That the failure to disclose the existence of Railtech, LLC was a material omission.

34. That during the course of the administration, the Defendants signed and filed numerous monthly statements with respect to their financial affairs which were

entitled, Statement of Debtor-In-Possession Under Bankruptcy Rule 9011.

35. That Defendants signed their first Statement of Debtor-In-Possession on November 20, 2005 for the month of October 2005.

36. That on October 20, 2005, just 7 days after their Petition, Defendants as mortgagors signed as members/managers of PHE a note and mortgage with Comerica Bank covering the property located at 2634 Island Hills Drive, Dexter, Michigan 48130.

37. That in exchange for the note and mortgage, Defendants received the sum of $300,000.00 from Comerica Bank.

38. That as debtors-in-possession, the Defendants were required to seek Court approval for the mortgage transactions.

39. That Defendants did not seek Court approval for the mortgage transaction.

40. That as debtors-in-possession, Defendants were required to report on their Statement of Debtor-In-Possession the receipt of cash during the current accounting period and whether new debt was incurred which remained unpaid.

41. That Defendants did not report the receipt of $300,000.00 from Comerica Bank or that new debt was incurred by them in any of the Statements of Debtor-In-Possession which were filed.

42. That as debtors-in-possession, Defendants were required to file Amended Schedules A and B to reflect their interest in the Dexter real estate and personal property to reflect the receipt of the Comerica Bank mortgage proceeds.

43. That Defendants did not amend their bankruptcy schedules to reflect that PHE, an entity owned by them, held valuable real estate.

44. That Defendants did not amend their bankruptcy schedules to reflect that they had received the sum of $300,000.00 from Comerica Bank.

45. That on October 13, 2005, Defendants filed their list of largest unsecured claims stating that United States of America was its largest creditor with an unsecured, disputed and unliquidated claim of $694,109.00.

46. That on November 17, 2005, Defendants appeared for the section 341 meeting of creditors and falsely swore under oath that their Petition's schedules were accurate.

47. That in the Defendants First Amended Combined Plan of Reorganization and Disclosure Statement ("plan and disclosure") they represented that post petition that they did not transfer any assets outside their ordinary course of business. See: **Exhibit C.**

48. That in the plan and disclosure Defendants did not disclose the ownership interest in 2634 Island Hills Drive, Dexter, Michigan 48130, which they controlled.

49. That in the plan and disclosure Defendants did not disclose that they had mortgaged 2634 Island Hills Drive, Dexter, Michigan 48130, post petition and received $300,000.00.

50. That in the plan and disclosure Defendants disclosed only income and expenses in their proposed payment plan consistent with payments on the disclosed Canton, Michigan condominium property.

51. That in the plan and disclosure Defendants did not disclose the obligation to make mortgage payments to Comerica Bank or to pay the taxes and insurance for 2634 Island Hills Drive, Dexter, Michigan 48130.

52. That in the plan and disclosure, Defendants did not disclose income sufficient to make mortgage payments to Comerica Bank or to pay taxes and insurance for 2634 Island Hills Drive, Dexter, Michigan 48130, even though such expenses and payments had been ongoing and paid by them since at least December 1, 2005.

53. That in the plan and disclosure Defendants materially represented that their combined monthly income was only $6,243.16.

54. That Defendants' income disclosure was materially false.

55. That on June 7, 2006, the United States consented (based upon Defendants' misrepresentations and omissions) to an Order Confirming the Debtors' First Amended Combined Plan of Reorganization and Disclosure Statement and the plan was confirmed by the Bankruptcy Court on June 8, 2006.

56. That in the plan and disclosure as confirmed it was provided that the claims of the United States were impaired and that it would receive not more than $150,000.00 payable over sixty months at $2,500.00 per month.

57. That in the Order Confirming the Debtors' Plan ("the confirmation order") dated June 8, 2006, provision was made to modify the plan wherein the United States Treasury agreed (based upon Defendants' misrepresentations and omissions) to accept as payment in full $100,000.00 if made within 120 days. See: **Exhibit D.**

58. That on December 27, 2007 Defendant, Mark Dobronski, conveyed the PHE real estates, i.e., 2634 Island Hills Drive, Dexter, Michigan, to himself and his wife for $1.00. See: **Exhibit E.**

59. That at all times complained of, PHE did not actually transact business.

60. That at all times complained of, PHE was a shell entity which was merely the alter-ego of the Defendants.

61. That Defendant used PHE as a straw person to perpetrate fraud on the United States Bankruptcy Court and the United States of America.

62. That due to the Defendants' affirmative misrepresentations in their bankruptcy petition, the United States of America and the United States Bankruptcy Court acted in reasonable reliance upon inaccurate information.

63. That due to the Defendants' breach of duties as officers of the Court and breach of fiduciary duties in omitting to make required disclosures, the United States Bankruptcy Court acted in reasonable reliance upon incomplete information.

64. That the United States of America would not have consented to the confirmation order but for the misrepresentation and material omissions in the disclosure requirements made by Defendants.

65. That the United States Bankruptcy Court would not have entered the confirmation order excepting for the Defendants' active misrepresentations and concealment of assets which Defendants were under a duty to disclose.

66. That the intentional and material acts and omissions of Defendants were directed to the judicial machinery and deprived the United States Bankruptcy Court of the ability to appropriately adjudicate the bankruptcy, according to the requirements of 11 U.S.C. 1129.

67. That the intentional and material acts and omissions of Defendants actually deceived the United States Bankruptcy Court and constitute a fraud upon the Court.

68. That in the alternative, the acts and omissions of the Defendants were at a minimum in reckless disregard for the truth.

69. Systematic Practices. Defendants made each misrepresentation identified above, by act or omission, in a systematic attempt, and pursuant to a plan, to avoid paying significant taxes owed to the United States of America. Defendant concealed known assets and income. Defendants made knowing misrepresentations concerning assets and income. All such acts and omissions, false statements and false records were for the purpose of concealing assets from collection, avoiding or significantly decreasing an obligation to pay or transmit money or property to the United States Government for taxes which were owed.

70. Ongoing Misrepresentations. Mr. Johnson and his counsel have firsthand knowledge that Defendants committed the acts and omission complained of herein. Based upon the foregoing it is reasonable to assume that other assets of Defendants may have been concealed, not disclosed or were unfairly valued.

71. That since Defendants did not disclose the real estate at 2634 Island Hills Drive, Dexter, Michigan 48130 or the $300,000.00 proceeds and other personal property, the same are unadministered assets in the Chapter 11 and not subject to the discharge.

72. That in addition to the foregoing, Mr. Johnson has personal knowledge of other acts and omissions of the Defendants, including:

   a. their undisclosed ownership of three valuable automobiles including a 1996 Corvette, a 2001 Cadillac and a 1998 Jaguar;

   b. their undisclosed ownership of 3 antique railroad cabooses;

    c.    their undisclosed ownership of several antique passenger/diner cars;

    d.    their undisclosed ownership of a significant collection of antique railroad collectibles which were warehoused at 37325 Executive Drive, Westland, Michigan 48185;

    e.    their appraisal and inventorying of the items described in (d) by an acquaintance/expert in such items;

    f.    their place of actual residence;

    g.    the construction of their home at 2634 Island Drive, Dexter, Michigan 48130; and

    h.    certain discussions with Defendant, Mark Dobronski, concerning his involvement with the various private railroad companies.

## COUNT I: VIOLATIONS OF THE FALSE CLAIMS ACT

73. Each of the foregoing allegations is realleged and incorporated hereby.

74. As described in this Qui Tam Complaint, Defendants knowingly made, used and caused to be made in the United States Bankruptcy Court a series of false statements and records to conceal assets, avoid or decrease and to discharge obligations owed to the United States of America to pay or transmit money or property for taxes.

75. That each Defendant authorized and ratified all of the violations of the False Claims Act while acting as officers of the Bankruptcy Court and while in a fiduciary capacity to the court and their creditors.

76. That more specifically the Defendants' acts and omissions violated 31 U.S.C. §3729(a)(7), as well as, numerous sections of the Bankruptcy Code which prohibit

and to which criminal penalties attach for false oaths, false accountings and false declarations, false certification and verification.

77. That the United States Government and the public fisc have been thereby damaged by the Defendants' violation of the False Claims Act.

78. WHEREFORE, Relator, Keith Johnson, on behalf of himself and the United States Government prays:

   a. that this Court enter a judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained as a result of Defendants' violations of the False Claims Act;

   b. that this Court enter a judgment against Defendants for a civil penalty of $10,000 for each of Defendants' violations of the False Claims Act;

   c. that this Court determine and declare that the unadministered assets of Defendants' bankruptcy estate are not subject to discharge and, determine and declare that the discharge being based upon fraud-in-the-court is void, vacating the same;

   d. that Realtor Keith Johnson recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to this action;

   e. that Realtor Keith Johnson be awarded all reasonable attorneys' fees in bringing this action;

   f. that in the event the United States Government proceeds with this action, Realtor, Keith Johnson, be awarded an amount for bringing this action of at

    least 15% but not more than 25% of the proceeds of this action;

g.  that in the event the Untied States Government does not proceed with this action, Realtor, Keith Johnson, be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of this action;

h.  that Realtor, Keith Johnson, be awarded pre-judgment interest;

i.  that a trial by jury be held on all issues so triable; and

j.  that Realtor, Keith Johnson, and the United States of America receive all relief to which either or both may be entitled at law or in equity.

<b><u>COUNT II: FRAUD ON THE COURT</u></b>

79. Each of the foregoing allegations is realleged and incorporated hereby.

80. That based upon considerations of fraud on the court all orders of the U.S. Bankruptcy Court with respect to plan confirmation and discharge should be vacated.

81. That this Court, in equity, has the inherent power to protect its integrity from fraudulent acts perpetrated on it by its officers; and, those who have unclean hands must be denied all equitable relief.

82. That each of the orders complained of were procured by Defendants by breaching their duties as officers of the court and fiduciaries to wrongfully benefit themselves.

83. That each of the orders complained of were entered by deceiving the U.S. Bankruptcy Court because they were entered at Defendants' requests when they were acting under a serious and undisclosed conflict of interest and while in breach of numerous disclosure requirements.

84. That it is inconceivable that the U.S. Bankruptcy Court Judge would have entered these orders had there been a proper disclosure of Defendants' conflict of interest, active misrepresentation and failure to disclose.

85. That Defendants' fraud was directed to the judicial machinery itself rendering the Bankruptcy Court unable to perform its required functions pursuant to 11 U.S.C. 1129 to decide whether the plan, among other things, was in compliance with Chapter 11, that proponent Defendants complied with their Chapter 11 responsibilities and whether it was proposed in good faith and not in controvention law.

86. WHEREFORE, Realtor Keith Johnson, on behalf of himself and the United States Government, prays:

   a. that this Court enter an order vacating the June 8, 2006 Order Confirming The Debtors' First Amended Combined Plan of Reorganization and Granting Final Approval of Disclosure Statement and Defendants' discharge;

   b. in the alternative, grant the Realtor, Keith Johnson, standing to pursuit the relief requested and remand to the U.S. Bankruptcy Court's consideration the issues presented with respect to vacating its Orders and the discharge for fraud on the Court; and

      c.      that Realtor, Keith Johnson and the United States of America receive all other and further relief, including attorney fees, costs and punitive damages, to which either or both may be entitled at law or in equity.

Dated: September 11, 2009                    Respectfully submitted,

                                                VINING LAW GROUP, PLC

                                                By: *[signature]*
                                                Guy C. Vining (P27892)
                                                Attorney for Plaintiff/Realtor
                                                2955 Biddle, P.O. Box 38
                                                Wyandotte, Michigan 48192
                                                (734) 281-2050

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH JOHNSON, on behalf
of the United States of America,

    Plaintiff/Relator,

vs.

MARK DOBRONSKI and
SUSAN DOBRONSKI,

    Defendants.

Hon.:
C.A. No.:

_____/

## JURY DEMAND

Realtor, Keith Johnson, by and through his legal counsel, Vining Law Group, PLC, hereby demands a trial by jury on all of the issues in this matter.

Dated: September 11, 2009

Respectfully submitted,

VINING LAW GROUP, PLC

By: _____
Guy C. Vining (P27892)
Attorney for Plaintiff/Realtor
2955 Biddle, P.O. Box 38
Wyandotte, Michigan 48192
(734) 281-2050